United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 14, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No.  05-41618
Summary Calendar

_____

MINERVA G. ZAMORA, also known as Minnie Zamora,

Plaintiff-Appellee,

versus

HIDALGO COUNTY, et al.,

Defendants-Appellants,

HIDALGO COUNTY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(USDC No. 7:04–CV–130–RC)

_____

Before REAVLEY, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Hidalgo County appeals the district court's judgment entered on a jury verdict that awarded Zamora damages in her lawsuit under the Family and Medical Leave Act (the "Act").  We affirm for the following reasons:

1.	There is legally sufficient evidence in the record of a causal connection between Zamora's decision to take leave under the Act and the County's decision to terminate Zamora's employment.  There is also sufficient evidence that the County's given reason for terminating Zamora was pretextual.  Faced with the inconsistencies in Ms. Cedillo's testimony and the conflicting and contrary testimony of advisory board members Casarez and Quintanilla, the jury was free to disbelieve the County's proffered explanation, and in the absence of that explanation to conclude that the only basis for Zamora's termination was the exercise of her rights under the Act.  *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148, 120 S. Ct. 2097, 2109 (2000) ("a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated.")

2.	Fairly read, Zamora's First Amended Complaint included a claim of retaliation.

3.	The jury's finding that the County did not act in good faith is not clearly erroneous.  *See Nero v. Indus. Molding Corp.*, 167 F.3d 921, 928-29 (5th Cir. 1999).


AFFIRMED.

2